IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG L. MURRAY, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 09-107-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 02-30131-01-GPM |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

   This matter is before the Court on Petitioner Greg Murray's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

   On August 9, 2004, a jury found Murray guilty of a charge of possession with intent to distribute cocaine (Count 2 of the third superseding indictment) (*see* Docs. 242-244).[1]  On August 11, 2005, a jury found Murray guilty on two counts of the fourth superseding indictment, which charged Murray with conspiracy to possess with intent to distribute and distribution of cocaine (Count 1) and use of a firearm in furtherance of a drug trafficking crime that caused the death of a person by murder (Count 2) (*see* Docs. 333-335).  On January 4, 2006, Murray was sentenced to life imprisonment, a fine of $1000, and a special assessment of $300.  Murray's conviction and sentence were affirmed on direct appeal.  *United States v. Murray*, 474 F.3d 938, 941 (7th Cir. 2007).  He did not seek review by the Supreme Court, and he filed the instant motion on February 6, 2009.

---

   [1] All document references are to the criminal case file unless otherwise specified.

**STATUTE OF LIMITATIONS**

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal … is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, Murray's conviction was affirmed on January 24, 2007. *Murray*, 474 F.3d at 941. He did not seek review from the Supreme Court, but the Court still must consider the 90 days he had to do so. Therefore, for purposes of § 2255, his conviction became final in April 2007, and he needed to file his § 2255 motion by April 2008. Murray filed the instant motion on February 6,

2009. Thus, he filed this motion ten months too late.

Murray recognizes this problem and explains that in April 2007, he was placed in administrative detention and transferred to another institution. His legal property did not immediately follow him. Thereafter, pursuant to a writ, Murray was transferred out of Bureau of Prisons custody from July 2007 through April 2008. Upon return to federal custody, Murray was placed in segregation until late June 2008; he was then transferred to yet another federal institution in July 2008. Throughout this time period, Murray asserts that he did not have access to his legal property and, thus, was unable to file a timely § 2255 motion.

On January 8, 2008, Murray filed a motion seeking additional time to file his § 2255 motion (Doc. 398). In that motion, he explained his predicament of transfers and lack of access to his legal documents. The Court found that

> 28 U.S.C. § 2255 itself provides no authority for the Court to grant an extension of the one-year deadline, and defendant has offered no authority for his request. Because the one-year deadline is procedural and not jurisdictional, however, a late filing may be excused at the time of filing by equitable tolling or estoppel. *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999), *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Nevertheless, the Court cannot grant a pre-filing extension.

Text order entered March 5, 2008 (Doc. 399).

"The doctrine of equitable tolling aids plaintiffs who, because of 'disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time.'" *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996), *quoting Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996). Accepting Murray's assertions as true, the Court finds that there may be a viable basis for invoking the doctrine of equitable tolling in this case. Thus, the Court will examine the merits of Murray's motion. As an aside, however, the Court finds it


puzzling why Murray was able to file a motion for additional time when he could have just filed his § 2255 motion.

### **GROUNDS PRESENTED FOR RELIEF**

In his § 2255 motion, Murray claims three grounds for relief: (1) the district court erred in excluding Murray's reverse Federal Rules of Evidence Rule 404(b) evidence; (2) improper jury instructions; and (3) the district court did not give an immediate curative jury instruction regarding polygraph evidence.

### **CLAIM 1**

Murray claims that at his first trial, he was allowed to present evidence of another murder that he claims was similar to the murder with which he was charged. That trial resulted in a hung jury and thus a mistrial; Murray was retried a year later. At this second trial, however, Murray's evidence of that other murder was excluded and he was convicted. Murray now claims that had the evidence been admitted, as it was in the first trial, he would not have been convicted. Murray raised this very issue on direct appeal to the Seventh Circuit Court of Appeals. That Court analyzed this issue directly and thoughtfully and came to the conclusion that the evidence was properly excluded. *Murray*, 474 F.3d at 940.

A Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994). Additionally, the Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255

> petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

Murray raised this issue, unsuccessfully, on direct appeal, and he makes no showing of changed circumstances. Therefore, this claim cannot provide him with relief under § 2255.

### CLAIM 2

Murray next claims that this Court gave improper jury instructions relating to Count 3 of the fourth superseding indictment. Specifically, he claims that incorporating two different crimes to prove different elements of the same count resulted in an inherent inconsistency and impeded his ability to make a defense.

This issue was raised on direct appeal to the Seventh Circuit, and it is therefore procedurally barred from being raised in a Section 2255 motion. The Court of Appeals found this issue to be without merit, stating: "the only issue presented by the appeal that warrants discussion is [the issue raised in Count 1] ... ." *Murray,* 474 F.3d at 939. In other words, the Court of Appeals considered and rejected, without further discussion, Murray's argument on this issue.

Because this issue was rejected on appeal and there have been no changed circumstances, Murray cannot raise this issue in a Section 2255 motion. *See Belford*, 975 F.2d at 313. Accordingly, this claim is denied.

### CLAIM 3

In a related claim, Murray states that the Court failed to correct a jury instruction regarding polygraph evidence. However, this claim should have been raised on direct appeal, and therefore, it is procedurally barred. *Broadway v. United States*, 104 F.3d 901 (7th Cir. 1997) (holding that the

issue of an admittedly flawed jury instruction should have been raised on direct appeal and since the defendant showed no reason as to why it was not, the issue was procedurally barred from being raised in a Section 2255 motion). Since this issue should have been brought on direct appeal, Murray cannot raise this issue in a Section 2255 motion. *See Belford v. United States*, 975 F.2d at 313. Accordingly, this claim is denied.

### CONCLUSION

As discussed above, none of the grounds presented by the Petitioner entitles him to relief under 28 U.S.C. § 2255. Accordingly, Murray's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  10/23/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge